UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **G & G Closed Circuit Events, LLC,** | Case No.: _____ |
| **Plaintiff,** | |
| vs. | **COMPLAINT** |
| **Blanca Ramirez d/b/a Bar y Billar Los Paisanos,** | |
| **Defendant.** | |

## COMPLAINT

## JURISDICTION

1. Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq.*

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendant's wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length. The Defendant's wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Tennessee.

## VENUE

4.       Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Middle District of Tennessee, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## INTRADISTRICT ASSIGNMENT

5.       Assignment to the Nashville Division of the Middle District of Tennessee is proper because a substantial part of the events or omissions giving rise to the claim occurred in Davidson County and/or the United States District Court for the Middle District of Tennessee has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6.       Plaintiff, G & G Closed Circuit Events, LLC is, and at all relevant times mentioned was, a California limited liability company with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Cmpbell, California 95128.

7.       Defendant Blanca Ramirez owns and operates the commercial establishment doing business as Bar y Billar Los Paisanos operating at 2045 Antioch Pike, Antioch, Tennessee 37013.

8.       Plaintiff is informed and believes, and alleges thereon that on Saturday, May 6, 2017 (the night of the *Program* at issue herein, as more specifically defined in paragraph 16), Defendant Ramirez had the right and ability to supervise the activities of Bar y Billar Los Paisanos, which included the unlawful interception of Plaintiff's *Program.*

9.       Plaintiff is informed and believes, and alleges thereon that on May 6, 2017 (the night of the *Program* at issue herein, as more specifically defined in paragraph 16), Defendant Ramirez had the obligation to supervise the activities of Bar y Billar Los Paisanos, which included the unlawful interception of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that Bar y Billar Los Paisanos  operated lawfully at all times.

10. Plaintiff is informed and believes, and alleges thereon that on Saturday, May 6, 2017 (the night of the *Program* at issue herein, as more specifically defined in paragraph 16), Defendant Ramirez, specifically directed or permitted the employees of Bar y Billar Los Paisanos to unlawfully intercept and broadcast Plaintiff's *Program* at Bar y Billar Los Paisanos , intentionally intercepted, and/or published the *Program* at Bar y Billar Los Paisanos himself. The actions of the employees of Bar y Billar Los Paisanos ] are directly imputable to Defendant Ramirez by virtue of his acknowledged responsibility for the actions of Bar y Billar Los Paisanos .

11. Plaintiff is informed and believes, and alleges thereon that on May 6, 2017, Defendant Ramirez had an obvious and direct financial interest in the activities of Bar y Billar Los Paisanos , which included the unlawful interception of Plaintiff's *Program.*

12. Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendant Ramirez, resulted in increased profits for Bar y Billar Los Paisanos .

13. Plaintiff is informed and believed, and alleges thereon that Defendant Ramirez is an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Bar y Billar Los Paisanos.

## COUNT I
### (Violation of Title 47 U.S.C. Section 605)

14. Plaintiff G & G Closed Circuit Events, LLC, hereby incorporates by reference all of the allegations contained in paragraphs 1-13, inclusive, as though set forth herein at length.

15. Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC, was granted the exclusive nationwide commercial distribution (closed-circuit) rights to *"Saul Alvarez v. Julio Cesar Chavez, Jr. Super Middleweight Championship Fight Program,* telecast nationwide on Saturday, May 6, 2017 (this included all under-card bouts and fight commentary encompassed in the television

broadcast of the event, hereinafter referred to as the "*Program*").

16. Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Tennessee, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

17. As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff G & G Closed Circuit Events, LLC, expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

18. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the above named Defendant, either through direct action or through actions of employees or agents directly imputable to Defendant (as outlined in paragraphs 7-14 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at its commercial establishment in Antioch, Tennessee..

19. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by the Defendant was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

20. Title 47 U.S.C. Section 605, *et seq*., prohibits the unauthorized publication or use of communications (such as the transmission of the *Program* for which Plaintiff G & G Closed Circuit Events, LLC, had the distribution rights thereto).

22. By reason of the aforesaid mentioned conduct, the aforementioned Defendant, violated Title 47 U.S.C. Section 605, *et seq.*

Page **4** of **7**

Case 3:18-cv-00081    Document 1    Filed 01/24/18    Page 4 of 7 PageID #: 4

23. By reason of the Defendant's violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff G & G Closed Circuit Events, LLC, has the private right of action pursuant to Title 47 U.S.C. Section 605.

24. As the result of the aforementioned Defendant's violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following Defendant:

    (a) Statutory damages for each violation of in an amount to $10,000 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(i)(II); and also

    (b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

    (c) the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II
**(Violation of Title 47 U.S.C. Section 553)**

25. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-24, inclusive, as though set forth herein at length.

26. The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Program* by the above named Defendant was prohibited by Title 47 U.S.C. Section 553, *et seq.*

27. By reason of the aforesaid mentioned conduct, the aforementioned Defendant, violated Title 47 U.S.C. Section 553, *et seq.*

28. By reason of the Defendant's violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff G & G Closed Circuit Events, LLC, has the private right of action pursuant to Title 47 U.S.C. Section 553.

29. As the result of the aforementioned Defendant's violation of Title 47 U.S.C. Section 553, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

> (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii); and also

> (b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B); and also

> (c) the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and also

> (d) and in the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $110,000.00 against the Defendant, and
2. For reasonable attorneys' fees as mandated by statute, and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and
4. For such other and further relief as this Honorable Court may deem just and proper;

**As to the Second Count:**

1. For statutory damages in the amount of $60,000.00 against the Defendant,

and;

2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4. For such other and further relief as this Honorable Court may deem just and proper.

/s/ Michael F. Braun

Michael F. Braun (BPR 032669)
Attorney for the Plaintiff
Post Office Box 364
Brentwood, TN 37024
(615) 378-8942
F: (334) 356-8810
mfb@braun-law.com